**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000009**
**30-OCT-2018**
**08:09 AM**

NO. CAAP-18-0000009

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
QUINN A. SHARP, Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAI'ANAE DIVISION)
(CASE NO. 1DTA-17-00927

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Plaintiff-Appellant State of Hawai'i (the **State**) appeals from the December 8, 2017 Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Defendant's Motion to Suppress SFST and Statements for Violations of Article 1, section 7 and 10 of the Hawai'i Constitution (**Suppression Order**), which was entered by the Wai'anae Division of the District Court of the First Circuit (**District Court**).[1]

The State raises one point of error on appeal, contending that the District Court erred in concluding that any statements made by Defendant-Appellee Quinn A. Sharp (**Sharp**)

---

[1] The Honorable Trish K. Morikawa presided.

after exiting his vehicle and in response to questions posed by Honolulu Police Officer Kenneth Fontes (**Fontes**) are suppressed and cannot be used by the State against Sharp as substantive proof against Sharp.

Upon careful review of the record and the brief submitted on appeal,[2] and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve the State's point of error as follows:

In Conclusion of Law 4 of the Suppression Order, the District Court concluded that, because Sharp was not informed of his right to remain silent and because Sharp did not verbally or in writing waive his right to remain silent, any statements Sharp made after exiting his vehicle and in response to Officer Fontes's questions would be suppressed, except for impeachment purposes if Sharp were to testify at trial. The State argues that the District Court erred in doing so. We agree.

As set forth in the District Court's Findings of Fact (**FOFs**) in the Suppression Order, Sharp was pulled over after Honolulu Police Corporal Connie Rivera (**Corporal Rivera**) observed Sharp's vehicle traveling at what appeared to be a high rate of speed, nearly hitting a center median, and swerving approximately two feet over the broken white line separating the lanes of traffic for more than ten feet. Corporal Rivera paced the vehicle and observed that it was over the speed limit before activating her blue lights and siren. Sharp was the driver and

_____

[2] Sharp did not submit an answering brief.

2

only occupant. Corporal Rivera observed that Sharp had red and glassy eyes and that his breath had an odor of alcohol; Corporal Rivera felt that she had probable cause to arrest Sharp. She did not advise Sharp of his right to remain silent.

Officer Fontes arrived shortly after the traffic stop and, at Corporal Rivera's request, conducted a standardized field sobriety test (**SFST**). Before doing so, while Sharp was still seated in the car, Officer Fontes also asked Sharp where he had been coming from; during this conversation, Officer Fontes observed that Sharp had red, glassy, and watery eyes, as well as an odor of alcohol. Officer Fontes then asked Sharp if he was willing to participate in an SFST. Sharp agreed to participate and voluntarily exited his vehicle. Per Officer Fontes, at that point, Sharp was not free to leave once he exited his vehicle to participate in the SFST. After Sharp exited the vehicle, Officer Fontes asked Sharp six medical rule-out questions; Sharp answered no to all of them. During the SFST, Officer Fontes asked Sharp if he understood each instruction; Sharp answered yes each time. Thereafter, Officer Fontes asked Sharp if wanted to participate in a preliminary alcohol screening test (**PAS**) and the officer reviewed a written consent form with Sharp; Sharp chose to take the test and indicated his consent on the form. There is nothing in the record to indicate any other questions were asked and answered. After completing the test, Sharp was arrested for Operating a Vehicle Under the Influence of an Intoxicant. Officer Fontes testified that he would have arrested Sharp even

if he had not taken the SFST based on the totality of the circumstances and the officers' observations.

According to both officers, the total time from the stop to the arrest was about fifteen minutes.

It appears from the FOFs, and it is undisputed on appeal, that Sharp was pulled over pursuant to a valid traffic stop after Corporal Rivera observed him speeding and swerving.

A defendant is not in custody for purposes of Miranda v. Arizona, 384 U.S. 436 (1966) merely because he or she has been pulled over pursuant to a valid traffic stop. State v. Kaleohano, 99 Hawai'i 370, 376, 56 P.3d 138, 144 (2002); State v Kuba, 68 Haw. 184, 188-89, 706 P.2d 1305, 1309-10 (1985). Here, Sharp was not in custody merely by virtue of being pulled over during a traffic stop. The questions posed to Sharp appear to have been incident to the SFST, which Sharp agreed to participate in. Sharp was detained for a brief period of time in order for the police to conduct a valid traffic investigation stemming from observed traffic violations and then further observations made upon contact with Sharp, which prompted the police to ask Sharp to participate in the SFST. Accordingly, we conclude that Sharp was not subjected to custodial interrogation; therefore, he was not required to be advised of his rights under Miranda based on the circumstances presented here.

Further, Sharp consented to participating in the SFST. Sharp was not ordered to exit his vehicle. Sharp was not under arrest. It appears that the only questions posed to Sharp were incident to the administration of the SFST. Under the totality

of the circumstances, we conclude that Sharp was not in custody based on the time, place, and length of the interrogation, the nature of the questions asked, the conduct of the police at the time of the questioning, and because he consented to participate in the SFST. See State v. Kazanas, 138 Hawai'i 23, 35-36, 375 P.3d 1261, 1273-74 (2016).

In order for a defendant's statements to be admitted into evidence, it need not be shown that the defendant was advised of his or her rights if the defendant's statements are not the product of custodial interrogation. Kaleohano, 99 Hawai'i at 377-78, 56 P.3d at 145-46. As stated above, Sharp was not in custody and, thus, he was not subjected to custodial interrogation which required advisement of his Miranda rights. Therefore, his statements to Officer Fontes were admissible.[3]

For these reasons, to the extent that the District Court suppressed Sharp's statements made after he exited his vehicle, the December 8, 2017 Suppression Order is vacated in

---

[3] As the District Court also concluded, admission of Sharp's performance on the SFST did not violate his right against self-incrimination. The right against self-incrimination is not necessarily implicated whenever a person suspected of criminal activity is compelled in some way to cooperate in developing evidence which may be used against him or her. State v. Wyatt, 67 Haw. 293, 302, 687 P.2d 544, 551 (1984).

part. This case is remanded to the District Court for further proceedings.

DATED: Honolulu, Hawai'i, October 30, 2018.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Chief Judge

Associate Judge

Associate Judge

6